IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

MARQUICE ROBINSON

Plaintiff-Appellant

v.

AKAL SECURITY, INC., THE UNITED STATES MARSHALS SERVICE, by and through MERRICK B. GARLAND, U.S. ATTORNEY GENERAL, AND MICHAEL HOLMAN.

Defendants- Appellees

_____

On Appeal from the United States District Court for

the Northern District of Georgia

Honorable William M. Ray II., District Court Judge

Case No. 1:17-cv-03658

_____

APPELLANT'S  REPLY TO APPELLEE'S
AKAL AND HOLMAN MOTION TO
APPELLANT'S SECOND MOTION FOR LEAVE TO AMEND
APPELLANT'S MOTION FOR SANCTIONS AND RESPONSE TO THEIR
CROSS-MOTION FOR FEES

_____

Marquice Robinson
6400 Oakley Road Apt #4208
Union City, GA 30291
770-527-6568

## STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant Marquice Robinson, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, files this Certificate of Interested Persons and Corporate Disclosure Statement.

Appellant is not a publicly held corporation and has no parent corporations, affiliates, or subsidiaries with an interest in the outcome of this case. Other identifiable interested parties to the action are:

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Barr, William             Former U.S. Attorney General

Buchanan, Ryan            US Attorney For The Northern District of Georgia

Bly, Christopher. C       U.S. Magistrate Judge

Cohan, Louis, R.          Appellant's former attorney of record

Cooper, Lisa              Counsel for Defendant The USMS- Appellees

Erskine, Kurt             Former Acting U.S. Attorney for The Northern District of
Georgia

Fenster, Ariel D.         Appellant's former attorney of record

Fuller, Clay              U.S. Magistrate Judge

Garland, Merrick        US Attorney General

Johnson, Tiffany        Counsel for Defendant The USMS- Appellees

Jones, Steve C.        U.S. District Court Judge

Krinsky, Erin. J        Appellant's former attorney of record

Kohler, Dion        Counsel for Defendant's Akal and Holman- Appellees

Malone, Jason        Counsel for Defendant's Akal and Holman- Appellees

Mendel, Gabriel        Counsel for Defendant the USMS-Appellees

Noebes, Pierre        Former Counsel for Defendant's Akal and Holman- Appellees

Pak, BJay        Former U.S. Attorney For the Northern District of Georgia

Peterson, Kurt        Former Counsel for Defendant's Akal and Holman- Appellees

Ray, William. M II        U.S. District Court Judge

Robinson, Marquice        Plaintiff-Appellant

Sessions, Jeff        Former U.S. Attorney General

Traynor, William        Counsel for Defendant The USMS-Appellee

U.S Government        Appellee

US Marshal Service        Appellee

# I.    INTRODUCTION

Comes now Appellant's reply to Akal and Holman's response to Appellant's second motion for leave to amend Appellant's motion for sanctions and response to their cross-motion for attorney fees and costs. As a threshold matter, this Court should respectfully reject Akal and Holman's statement that "Appellant filed a motion to amend his motion for sanctions to add additional facts and evidence demonstrating that USMS has committed fraud upon this Court to sabotage and prejudice Appellant's appeal." *See* Akal and Holman's Resp. to Appellant's Sec. Mot. To Amend at 5.

Consequently, because Akal and Holman did not file a response to Appellant's motion, this Court has said, "When a party fails to address a specific claim or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned." *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

It is important to note that Akal and Holman's attorney Dion Kohler does not represent The United States Marshal Service (USMS) in this action which is noted on the signature page of their response. *See* Akal and Holman Resp. to Appellant's

_____

[1] All documents mentioned are in the district court's and this Court's records. Except exhibits 1 and 2 which are attached to this motion.

Sec. Mot. To Amend at 7. With this in mind, Akal and Holman are moving for attorney fees to respond to Appellant's second motion for leave to amend, knowing that they voluntarily choose to respond because Appellant's motion specifically addresses the USMS's actions of committing fraud by lying.

Notably, Appellant's second motion for leave to amend does not address any actions of fraud committed upon this Court by Akal and Holman. *See* Appellant's Sec. Mot. For Leave To Amend. As a result, pursuant to 11th Cir. R. 27-4, Akal and Holman's request for attorney's fees and its response are frivolous because they are (1) voluntary responding to a motion that does not address their actions, (2) Appellant's motion has legal merit, (3) Appellant's motion contains assertions that are supported by the record evidence, and (4) Appellant's motions is presented to properly bring forth to the Court's attention the USMS's action of committing fraud upon the Court. *See* Appellant's Sec. Mot. For Leave To Amend.

Under these circumstances, pursuant to 11th Cir. R. 27-4, Appellant (1) respectfully reserves the right to file a motion for court costs against Akal and Holman for filing a frivolous response and motion for attorney fees, and (2) this Court on its sanction Akal and Holman for filing a frivolous response and motion for attorney fees.

Another critical point is that Akal and Holman lied to this Court in its response when they stated that "The additional facts and evidence cited by Appellant were

previously known to Appellant and based on the pleadings filed in the District Court proceedings." *See* Akal and Holman Resp. to Appellant's Sec. Mot. To Amend at 7. First, Appellant stated that the evidence of the concurrence letter was cited in Appellant's amended motion for spoliation of evidence. *See* Appellant's Sec. Mot. For Leave To Amend at 8. Second, Appellant cited the page number in the appendix where the amended motion for spoliation of evidence could be located. *Id.* Third, Appellant stated that the evidence/declaration about the August 19, 2016, video footage was cited in Appellant's motion for summary judgment. *Id.* at 8-9. Fourth, Appellant cited the page number in the appendix where evidence/declaration about the August 19, 2016, video footage can be located. *Id.*

Equally important is that an amended motion for spoliation of evidence and an opposition motion are not pleadings as Akal and Holman falsely claim. Pursuant to FRCP 7(a) provides an exhaustive list of filings that constitute a pleading: (1) a complaint, (2) an answer, (3) an answer to counterclaim, (4) an answer to crossclaim, (5) a third-party complaint, (6) an answer to a third-party complaint, and (7) a reply to an answer. For these reasons, the documents/evidence that Appellant cited are not pleadings, and Akal and Holman committed fraud upon this Court to compromise the integrity of the proceedings.

The Court has the inherent authority to grant relief necessary to protect the integrity of its proceedings. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45

(1991). This includes the power to set aside "fraudulently begotten judgments," as well as "the power to conduct independent investigations in order to determine whether it has been the victim of fraud or deceit." *Id*.

Also, in this Circuit, fraud on the Court is "embracing only that species of fraud which does or attempts to defile the Court itself, or is a fraud perpetrated by officers of the Court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *See S.E.C. v. ESM Group, Inc.,* 835 F.2d 270, 273 (11th Cir. 1988) (quoting *Traveler's Indemnity Co. v. Gore,* 761 F.2d 1549 (11th Cir. 1985)).

Appellant shows this Court the following.

## II. ARGUMENT & CITATION TO AUTHORITY

### A. Appellant's second motion for leave to amend has merit and should be granted.

The first thing to remember is that Akal and Holman's opposition to Appellant's motion for sanctions to cease and desist was filed on December 28, 2021. Pursuant to FRAP 27 (3)(A), which states that "The response must be filed within 10 days after service of the motion unless the Court shortens or extends the time. Akal and Holman cite its response to Appellant's motion for sanctions and attempt to argue why Appellant's motion for sanctions is untimely. *See* Akal and Holman Resp. to Appellant's Sec. Mot. To Amend at 6. *(See* also Akal and Holman Resp. to

Appellant's Sec. Mot. To Amend at Fn. 1). However, Akal and Holman are not permitted to file an additional response because (1) it would be untimely due to the fact Appellant filed Appellant's motion for sanctions on December 27, 2021, and (2) Akal and Holman did not seek leave of this Court to file an additional response.

Also, as Appellant stated above supra in the introduction, the documents/evidence that Appellant relies on are not pleadings. Additionally, as indicated above, supra Appellant brings forth the USMS's actions of committing fraud upon this Court. With this in mind, Akal and Holman's notion that Appellant does not offer a reason why Appellant did not bring forth information in Appellant's original motion is baseless.

First, Appellant is permitted to seek leave of the Court to amend documents, and it is up to the Court whether or not the motion is granted. Second, Appellant's original motion for sanctions and subsequent motions for leave to amend Appellant's motion for sanctions pursuant to FRAP 27(A) states the grounds for the motion, the relief sought, and the legal argument necessary to support it. *See* Appellant's Mot. For Sanctions to Cease and Desist. *see* also Appellant's First. Mot. For Leave To Amend.

Thus, Appellant's second motion for leave to amend has merit and should be granted.

**B. Akal and Holman's request for attorney fees and court costs are frivolous and should be rejected by this Court.**

It must be remembered that Akal and Holman made these arguments regarding (1) Appellant being in law school and (2) the District Court's order in their opposition motion to Appellant's motion for sanctions. *See* Akal and Holman's Opp. To Appellant's Mot. For Sanc. at 3. Again, Akal and Holman are attempting to argue a second response to Appellant's motion for sanctions. As Appellant discussed above supra under letter A, Akal and Holman's response is untimely.

Equally important is that Akal and Holman's motion for attorney fees and costs is frivolous. Appellant explained why their motion for attorney fees is frivolous in the introduction section.

With this in mind, to not burdensome the Court as Akal and Holman have with the same information it has already likely viewed, Appellant cites to Appellant's response to Akal and Holman's motion for attorney fees and cost.

Particularly regarding the District Courts order that Akal and Holman reference because (1) the District Court did not have jurisdiction over Akal's cases when it issued it, and (2) Akal lied to the District Court to obtain a favorable judgment. *See* Appellant's Resp. To Akal and Holman Cross Mot. at 6-8. Appellant explains in detail why the District Court is faulty, and Akal and Holman's use of the

order is meritless. *Id.* For this reason, Appellant attaches Appellant's response to Akal and Holman's cross-motion to this email. *See* Ex. 1.

It is essential to realize that Akal and Holman file this cross-motion for attorneys because they know Appellant cannot get fees for time spent responding. Akal and Holman indicated in an email to Appellant that Appellant cannot get fees in this case. *See* Ex. 2. Moreover, in the interest of justice, Appellant respectfully moves this Court to put a stop to Akal and Holman's actions of filing frivolous motions to harass Appellant expressly, as they have done with their frivolous cross-motion for attorney's fees.

Thus, Akal and Holman's cross-motion for attorney fees is frivolous and should be rejected.

### III.   CONCLUSION

For the preceding reasons, Appellant respectfully asks this Court to grant Appellant second leave to amend Appellant's motion for sanctions. Also, Appellant respectfully asks this Court to deny Akal and Holman's frivolous cross-motion for attorney fees.

Respectfully submitted this 15th day of June, 2022.

 */s/Marquice Robinson, PhD*
Marquice Robinson, PhD

## CERTIFICATE OF COMPLIANCE PURSUANT

## TO FED. R. APP. P. 32(g)(1), I

hereby certify that:

1.      This motion complies with the type-volume limitations of the Fed. R. App. P. 32(g)(1) because this motion contains a word count of 1,162 words in which the motion was prepared on the computer, and does not exceed the 2,600 maximum word count, excluding the parts of the motions exempted by Fed. R. App. P 27(a)(2)(B).

2.      This brief complies with the typeface requirements of the Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED: June 15, 2022

*/s/ Marquice Robinson, PhD*
Marquice Robinson, PhD

# CERTIFICATE OF SERVICE

On June 15, 2022, I hereby certify that I electronically filed the preceding with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and the appellate CM/ECF system will accomplish that service. I will also send electronic mail of such filing to all counsels of record: Appellant's address is below and is where all correspondence from the Court should be sent.

Counsel for Akal and Mr. Holman                    Appellant's address

Dion Kohler                                                      Marquice Robinson

Jackson Lewis, P.C.                                        6400 Oakley Road Apt 4208

Dion.Kohler@jacksonlewis.com                       Union City, GA 30291

171 17th Street, N.W. Suite 1200                       marquice_robinson@yahoo.com

Atlanta, GA 30363


Counsel for USMS

Ryan Buchanan

United States Attorney

Tiffany R. Dillingham

Assistant U.S Attorney

tiffany.dillingham@usdoj.gov

600 Richard B. Russell Federal Bldg.

75 Ted Turner Drive, S.W.

Atlanta, Georgia 30303

Additional USMS counsels

William G. Traynor

Will.traynor@usdoj.gov

Gabriel A. Mendel

Gabriel.mendel@usdoj.gov

Lisa D. Cooper

Lisa.cooper@usdoj.gov

*/s/ Marquice Robinson, PhD*
Marquice Robinson, PhD

# EXHIBIT 1

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

MARQUICE ROBINSON

Plaintiff-Appellant

v.

AKAL SECURITY, INC., THE UNITED STATES MARSHALS SERVICE, by and through MERRICK B. GARLAND, U.S. ATTORNEY GENERAL, AND MICHAEL HOLMAN.

Defendants- Appellees

_____

On Appeal from the United States District Court
for the Northern District of Georgia
Honorable William M. Ray II., District Court Judge
Case No. 1:17-cv-03658
_____

APPELLANT'S RESPONSE TO AKAL SECURITY, AND MICHAEL HOLMAN'S CROSS-MOTION FOR ATTORNEY FEES
_____

Marquice Robinson
6400 Oakley Road Apt #4208
Union City, GA 30291
770-527-6568

## STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant Marquice Robinson, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, files this Certificate of Interested Persons and Corporate Disclosure Statement.

Appellant is not a publicly held corporation and has no parent corporations, affiliates, or subsidiaries with an interest in the outcome of this case. Other identifiable interested parties to the action are:

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Barr, William                 Former US Attorney General

Bly, Christopher. C          U.S. Magistrate Judge

Cohan, Louis, R. Appellant's former attorney of record

Cooper, Lisa                  Counsel for Defendant The USMS- Appellees

Erskine, Kurt                 Acting US Attorney for The Northern District of Georgia

Fenster, Ariel D.             Appellant's former attorney of record

Fuller, Clay                  U.S. Magistrate Judge

Garland, Merrick        US Attorney General

Johnson, Tiffany        Counsel for Defendant The USMS- Appellees

Jones, Steve C.        U.S. District Court Judge

Krinsky, Erin. J        Appellant's former attorney of record

Kohler, Dion        Counsel for Defendant's Akal and Holman- Appellees

Malone, Jason        Counsel for Defendant's Akal and Holman- Appellees

Mendel, Gabriel        Counsel for Defendant the USMS-Appellees

Noebes, Pierre        Former Counsel for Defendant's Akal and Holman- Appellees

Pak, BJay        Former US Attorney For the Northern District of Georgia

Peterson, Kurt        Former Counsel for Defendant's Akal and Holman- Appellees

Ray, William. M II        U.S. District Court Judge

Robinson, Marquice        Plaintiff-Appellant

Sessions, Jeff        Former US Attorney General

Traynor, William        Counsel for Defendant The USMS-Appellee

U.S Government        Appellee

US Marshal Service        Appellee

# I.     INTRODUCTION

Comes now Appellant's response to Akal Security and Michael Holman's cross-motions for attorney fees. Appellant shows the Court the following information below.

# II.     ARGUMENT & CITATION TO AUTHORITY

## A. Appellant's motion for sanctions has merit, so attorney fees are not warranted.

Appellant has followed the rules of this Court, but Akal, Holman, and the USMS have not. Appellant is indeed a law student. However, Akal and Holman left out that their attorney touted his 36 years of law experience. (*See* Ex. E). He should be held to the standard as an attorney with 36 years of law experience appearing before this Court of knowing the rules and law. Notably by not attempting to mislead, deceive, and confuse this Court.

As it relates to the district courts order and the standard for attorneys fees,

---

[1] Exhibits E, H, I are attached to this motion. All other documents mentioned are in the district court's record and this Court's record.

---

[2] Akal and Holman improperly filed their cross-motion in their response to Appellant's motion for sanctions. *See* Akal and Holman's Resp. To Sanc. at 3-4. Appellant filed a reply to Akal and Holman's response to Appellant's motion for sanctions. Appellant now files a response to their cross-motion.

Akal and Holman do not meet either. Starting with Akal and Holman's baseless claims for attorney fees. As indicated by this Court, the inherent power to levy sanctions against an attorney or a party is upon a finding of bad faith. *See Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998). Notably, Rule 11 authorizes sanctions against an attorney or a pro se party who submits a document that "(1) is not well-grounded in fact; (2) is not legally tenable, or (3) is submitted in bad faith for an improper purpose." *See Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002). This Court has determined that when confronted with a Rule 11 motion for sanctions, the Court must "first determine whether the party's claims are objectively frivolous in view of the facts or law and then if they are that they were whether the person who signed the pleadings should have been aware frivolous." *See Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996).

Here, Akal and Holman do not cite any authority, statute, or rule regarding their claim that this Court should award them attorneys fees. *See* Akal and Holman's Resp. To Appellant's Mot. For Sanc. at 3-4.

Nevertheless, Akal and Holman's claim is baseless for three reasons. First, even pursuant to the Court's inherent power and Federal Rules of Civil Procedure 11, Akal and Holman would not be entitled to attorneys fees because (1) Appellant's motion is not frivolous, thus has merit, (2) Appellant's motion was not brought in

bad faith, (3) it is well-grounded in fact, (4) it is legally tenable and (5) it was not brought for an improper purpose. Second, Akal and Holman, pursuant to FRCP 11, did not serve its motion for attorney fees as a sanction on Appellant. Third, pursuant to FRCP 11, Akal and Holman did not wait the required 21 days to see if Appellant would withdraw the motion. Thus, Akal and Holman's request for attorney fees should respectfully be denied.

It is important to note that there are issues with the district court order and Akal and Holman's interpretation of the order. First, the district court at the time of the order did not have jurisdiction over Appellant's case against Akal (which was the basis for Akal and Holman's counsel filing the motion). This Court accepted Appellant's appeal on June 18, 2020. (*See* Doc. 261). Akal and Holman filed the motion to cease and desist on November 18, 2020. (*See* Doc. 297).

Moreover, the district court issued its order on June 21, 2021. Also, Akal and Holman did not file FRCP 62.1 with the district court, nor did they seek leave of this Court, or a remand, seeking to grant the district court jurisdiction over Akal's case pursuant to FRAP 12.1. As a result, of the district court not having jurisdiction over Akal's case, its order should be respectfully rejected. However, if this Court finds that the district court did have jurisdiction, then Akal and Holman's argument regarding the district court order is faulty and meritless.

Akal and Holman attempt to mislead and deceive this Court by not providing the entire story behind the district court's order. First, Akal and Holman indicate that the district court's order required Appellant not to engage inappropriate conduct, including disparaging counsel and his clients. *See* Akal and Holman's Resp. To Appellant's Mot. For Sanc. at 3. However, Akal and Holman do not state what inappropriate conduct Appellant has engaged in by filing a motion to sanction them for attempting to deceive, confuse, and mislead the Court. Second, nowhere in the district court order does it state that Appellant could not file legitimate motions with this Court nor the district court. *See* Akal and Holman's Resp. To Appellant's Mot. For Sanc. Att. B. Third, Akal, and Holman continued to make disparaging comments about Appellant in which it counsel called Appellant's "Nuts," on email with people. (*See* Ex. H). Akal and Holman's counsel actions were not only a violation of what they falsely claimed to the district court, but he demonstrated that the rules do not apply to him and govern his conduct. Notably, Akal and Holman's counsel actions of calling Appellant "Nuts" on email with other people have the propensity to defame and destroy Appellant's credibility as a world-renown scholar and challenge the results of Appellant's study on prison and jail overcrowding because Appellant's dissertation has been cited and reviewed over 2500 times in which is a screenshot of Appellant's dissertation readership from scholar works. (*See* Ex. I). Also, calling

Appellant "Nuts" can affect Appellant's ability to pass the character and fitness assessment to become a GA Barred attorney.

Fourth, Akal and Holman claim that their attorney calling Appellant "Nuts" internally is some sought of justification for their attorney's conduct is not only faulty but disparaging. Consequently, because it does not matter that the email was allegedly supposed to be internal, what matters is the conduct and the statement by Akal and Holman's attorney about Appellant knowing that they complained to the district court about disparaging and defamatory comments. *See* Akal and Holman's Cross Mot. at 3. Notably, Akal and Holman's attorney Dion Kohler called Appellant "Nuts" did not apologize, nor was he the one to respond and say it was internal. *See* Akal and Holman's Cross Mot. at Attach. A. Also, Akal and Holman's attorney believe he should be held to a different standard because he is an attorney, but no one is above the law. Fifth, Akal and Holman mislead the district court into thinking that Appellant did not have permission to talk with his client's grandparent company, the Siri Singh Sahib Corporation (SSSC). Akal and Holman's premise for bringing the motion to the district court was faulty because Appellant received permission from his client's grandparent company to speak with their counsel, who at the time was an SSSC board member. (*See* Ex. J). Notably, his client Akal (Corporate Counsel Siri Chand Khalsa, Executive Vice Presidents Krishan Khalsa, DevSurrop Khalsa, and Mehtabs Khalsa) were copied on the email. Sixth, Akal and Holman

improperly try to use the district court order as a basis to prevent Appellant from filing legitimate motions with this Court.

Seventh, Akal and Holman's basis for their motion for attorney fees is because they have a problem with the terminology used to explain their actions (fraud). *See* Akal and Holman's Cross Mot. at 2. However, the terminology derives from case law. In this Circuit, fraud on the Court is conduct which "attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform." *S.E.C. v. ESM Grp., Inc.,* 835 F.2d 270, 273 (11th Cir. 1988). Also, the terminology is appropriately used because it is undoubtedly true that they committed fraud upon the Court so that the judicial machinery cannot perform (a) when they filed improper motion to dismiss Appellants appeal to harass Appellant and (b) when they filed an improper notice to notify the Court of not filing a reply brief in which they were not entitled to by the rules of this Court.

Akal and Holman falsely claim that Appellant relied on the Federal Rules of Civil Procedure, and that is not true. Appellant clearly explained that Akal and Holman violate this Court's rules and FRAP. *See* Appellants Mot. For Sanc. at 11-13. *see* also Appellants Reply To Akal and Holman's Resp. at 4-10.

Lastly, Akal and Holman claim that Appellant cites various documents and emails not part of the record pursuant to FRAP 10. *See* Akal and Holman's Cross Mot. at 2. However, Akal and Holman's argument is baseless. First, FRAP 10 applies

to the issues on appeal. *See* FRAP 10(a). Appellant is not attempting to include the Exhibits attached to this response in Appellant's brief for appeal, nor are the issues that Appellant is bringing before this Court appealable because they transpired during the appellate court process. Second, Akal and Holman's actions are disingenuous because they use a document not part of the record. *See* Akal and Holman's Cross Mot. at Attach. A. Nevertheless, Akal and Holman's argument fails because Appellant is not seeking to add to the record on appeal. Appellant seeks to explain Akal and Holman's bad faith actions of confusing and misleading this Court so that the judicial machinery cannot perform. The standard for sanctions under the Court's inherent power is a subjective standard and requires a finding of bad faith. *See Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017).

Thus, Akal and Holman have stated no factual basis or provided no authority to award attorneys fees. As a result, their request for attorney's fees should respectfully be denied.

## III.   CONCLUSION

For the preceding reasons, Appellant respectfully asks this Court to deny Akal and Holman's motion for attorney fees.

Respectfully submitted this 29th day of December, 2021.

         */s/Marquice Robinson, PhD*
         Marquice Robinson, PhD

## CERTIFICATE OF COMPLIANCE PURSUANT

## TO FED. R. APP. P. 32(g)(1), I

hereby certify that:

1.      This motion complies with the type-volume limitations of the Fed. R. App. P. 32(g)(1) because this motion contains a word count of 1,824 words in which the motion was prepared on the computer, and does not exceed the 5,200 maximum word count, excluding the parts of the motions exempted by Fed. R. App. P 27(a)(2)(B).

2.      This brief complies with the typeface requirements of the Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED: December 29, 2021

*/s/ Marquice Robinson, PhD*

Marquice Robinson, PhD

# CERTIFICATE OF SERVICE

On December 29, 2021, I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and the appellate CM/ECF system will accomplish that service. I will also send electronic mail of such filing to all counsels of record: Appellant address is below in which all correspondence from the Court should be sent.

Counsel for Akal and Mr. Holman

Dion Kohler

Jackson Lewis, P.C.

Dion.Kohler@jacksonlewis.com

171 17th Street, NW Suite 1200

Atlanta, GA 30363


Counsel for USMS

Kurt Erskine

Appellant's address

Marquice Robinson

6400 Oakley Road Apt 4208

Union City, GA 30291

marquice_robinson@yahoo.com

Acting United States Attorney

Tiffany R. Dillingham

Assistant U.S. Attorney

tiffany.dillingham@usdoj.gov

600 Richard B. Russell Federal Bldg.

75 Ted Turner Drive, S.W.

Atlanta, Georgia 30303

Additional USMS counsels

William G. Traynor

Will.traynor@usdoj.gov

Gabriel A. Mendel

Gabriel.mendel@usdoj.gov

Lisa D. Cooper

Lisa.cooper@usdoj.gov

*/s/ Marquice Robinson, PhD*

Marquice Robinson, PhD

# Exhibit E

**Kohler, Dion Y. (Atlanta)** <dion.kohler@jacksonlewis.com>
**To:** Marquice Robinson
**Cc:** Gilmore, Sandra (Atlanta),Malone, Jason B. (Atlanta)
Thu, November 5, 2020 at 3:48 PM

Dr. Robinson, I have been practicing law for 36 years and do not need your guidance on my obligations. Quite frankly, its insulting and inappropriate. I will communicate your offer to Mr. Holman.

**Dion Kohler**
Attorney at Law
**Jackson Lewis P.C.**
171 17th Street, NW
Suite 1200
Atlanta, GA 30363
Direct: (404) 586-1843 | Main: (404) 525-8200 | Mobile: (404) 281-1552
Dion.Kohler@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

# Exhibit H

**From:** Kohler, Dion Y. (Atlanta) <dion.kohler@jacksonlewis.com>
**To:** Malone, Jason B. (Atlanta) <Jason.Malone@jacksonlewis.com>; Marquice Robinson <marquice_robinson@yahoo.com>
**Cc:** Lazarin, Denise (Atlanta) <Denise.Lazarin@Jacksonlewis.com>
**Sent:** Wednesday, June 16, 2021, 04:53:32 PM EDT
**Subject:** RE: See my response


Ignore it. He is nuts.



**Dion Kohler**
Attorney at Law
**Jackson Lewis P.C.**
171 17th Street, NW
Suite 1200
Atlanta, GA 30363
Direct: **(404) 586-1843** | Main: (404) 525-8200 | Mobile: (404) 281-1552
**Dion.Kohler@jacksonlewis.com** | **www.jacksonlewis.com**


**Visit our resource page** for information and guidance on COVID-19's workplace implications

**From:** Marquice Robinson <marquice_robinson@yahoo.com>
**Sent:** Wednesday, June 16, 2021 5:09 PM
**To:** Malone, Jason B. (Atlanta) <Jason.Malone@jacksonlewis.com>; Kohler, Dion Y. (Atlanta) <Dion.Kohler@jacksonlewis.com>
**Cc:** Lazarin, Denise (Atlanta) <Denise.Lazarin@Jacksonlewis.com>; Gilmore, Sandra (Atlanta) <Sandra.Gilmore@jacksonlewis.com>; Gordon, David L. (Atlanta) <David.Gordon@jacksonlewis.com>; Lauri, Kevin G. (Firm Chair) <Kevin.Lauri@jacksonlewis.com>; Van Dyke, C. Todd (Atlanta) <Todd.VanDyke@jacksonlewis.com>; Gurujodha Khalsa <gksensei@gmail.com>; vkhal@uoregon.edu; satwant@ssscorp.org; skhalsa@khalsallc.com; Amrit Kaur Chancellor <chancellor@ssscorp.org>; amritkaurcdc@ssscorp.org; dayakhalsa@outlook.com; kulwant@khalsa.com; khalsaji@verizon.net; sahajs@gmail.com; sirivishnus@gmail.com; gurudarbar@gmail.com; Krishan Shiva Khalsa <krishanshiva@akalglobal.com>; Siri Chand Khalsa <sirichandk@akalglobal.com>; Dev Suroop Khalsa <devsuroop@akalglobal.com>; Mehtab Khalsa <mehtabs@akalglobal.com>; sukhwinder@kiit.com
**Subject:** See my response



**[EXTERNAL SENDER]**

Mr. Kohler,

Your voluntarily made unsolicited harassing, demeaning, and defamatory comment calling me "nuts" (inferring that something is mentally wrong me, I am crazy) on Akal and Mr. Holman's behalf will be entered into evidence to support my motion for case terminating sanctions.

Notably, you make the harassing, defamatory, and demeaning comment when the evidence demonstrates I am a world renown scholar which my dissertation since publication in August of 2018 has been cited/reviewed over 1500 is duly noted.

As a matter of good faith, I will await Akal and Mr. Holman's response regarding a conference and settlement.

"Justice comes to those who work for it."

Respectfully,

Dr. Robinson

# Exhibit I

←

 **ScholarWorks notification system**

To marquice_robinson@yahoo.com

Dec 3 at 5:38 PM

🔗 1 attachment

 **readership**report

## From: ScholarWorks

## Dear Author,

You had **259** new downloads in November 2021 across your **1** paper in ScholarWorks. Your current readership:

## **2704** Total Downloads



VISIT MY
DASHBOARD

# Exhibit J

**Gurujodha Khalsa** <gksensei@gmail.com>

**To:** Marquice Robinson

**Cc:** Dev Suroop Khalsa,Siri Chand Khalsa,mehtabs@akalglobal.com,krishanshiva@akalglobal.com,Amrit Kaur Chancellor

Tue, Nov 19, 2019 at 6:54 PM

I have forwarded your email to Amrit K. Khalsa and the Office of Dharmic Counsel. I have copied her on this email. Since the SSSC is represented by counsel, please direct all future communication to counsel. Thank you for your anticipated cooperation.

G. Khalsa

# EXHIBIT 2

Kohler, Dion Y. (Atlanta)
To:Marquice Robinson
Cc:Gurujodha
Khalsa,vkhal@uoregon.edu,satwant@ssscorp.org,skhalsa@khalsallc.com,Amrit
Kaur
Chancellor,amritkaurcdc@ssscorp.org,kulwant@khalsa.com,gurudarbar@gmail.co
m,sahajs@gm ail.com,sirivishnus@gmail.com,khalsaji@verizon.net,Malone, Jason
B. (Atlanta),Gilmore, Sandra (Atlanta),Lazarin, Denise
(Atlanta),dayakhalsa@outlook.com Hide
Wed, December 16, 2020 at 3:40 PM

There is no so such thing as a bill of costs in the Court of Appeals for a returned
motion. If you file it, it will be a frivolous request. In addition, you incurred no
recoverable costs. A pro se cannot seek attorneys fees or compensation for time
spent under the law.

Dion Kohler Attorney at Law Jackson Lewis P.C. 171 17th Street, NW Suite 1200
Atlanta, GA 30363 Direct: (404) 586-1843 | Main: (404) 525-8200 | Mobile: (404)
281-1552 Dion.Kohler@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace
implication